# L. W. FAULKNER

## v.

## DANIEL GARDNER ET AL.

APPEAL IN CHANCERY PROCEEDINGS.—Upon appeal in a chancery proceeding the cause will be tried upon the record, and there are no presumptions in favor of the decree as there is in favor of a judgment at law.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed February 3, 1882.

Mr. J. S. LOTHROP, for appellant; that this court on appeal will try a chancery proceeding upon the whole record, and if the decree is not sustained by the evidence, will reverse, cited Flagg v. Stowe, 85 Ill. 164; Daniels v. Hartranft, 57 Ill. 222.

Mr. T. J. SMITH, for appellees.

PER CURIAM. The only reason urged for a reversal of the decree in this case is, that the finding of the court, upon the issue of fact presented by the pleadings and proof, was against the weight of the evidence.

In a chancery proceeding the appellate court sits in review, and tries the case on the record, as the court below should have tried it, and there are no presumptions in favor of the decree, as there are in favor of a judgment at law. Flagg v. Stowe, 85 Ill. 164.

And a decree not sustained by the evidence will be reversed. Daniels v. Hartranft, 57 Ill. 222.

We have examined the evidence carefully in this record, and are of the opinion that the weight of the same is so clearly with appellant as not to justify the court in rendering a decree adverse to his rights.

The evidence tended to show that other persons not before the court were necessary parties to the suit, and the court erred in refusing to permit appellant to amend his bill for the purpose of making them parties thereto.

It is to be regretted that the receipt given by the bank for the notes, when it received them for collection, is not to be found in the record; but as this apparent oversight may be corrected hereafter, and a new trial be had upon a state of facts very different from the facts disclosed by the record before us, we forbear discussing the evidence in detail as it now stands.

Decree reversed and cause remanded.

Reversed.